AMERICAN MFG. CO. et al. v. O. C. FREY HARDWARE CO. (No. 1504.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 2, 1915.)

1. TRIAL 251—INSTRUCTIONS—CONFORMITY TO PLEADING—ADMISSION BY FAILURE TO DENY.

Where a clause in a contract for an advertising scheme was pleaded as a part of the contract, and its presence therein not denied, but defendants disputed its truth as a representation, the submission of its truth or falsity to the jury was not error, since, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1902, providing that defendant must plead to each fact alleged in the petition, and that facts not so pleaded to shall be taken as confessed, the statement was properly in the case as admitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. 251.]

2. CONTRACTS 94 — CONSTRUCTION—REPRESENTATIONS—FALSITY.

Where a contract for an advertising scheme contained the statement, "We are doing [business] at the rate of $180,000.00 a year," and the evidence showed that sum to be an estimate, based on the sales for 30 days preceding the contract, it was not error to instruct the jury to find that the statement was true, on evidence that the sales for that period, if continued for 12 months, would exceed that sum.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430, 1160, 1164, 1165; Dec. Dig. 94.]

3. CONTRACTS 22 — CONSENT TO TERMS — KNOWLEDGE.

Where a contract for an advertising scheme contained the statement, "We are doing [business] at the rate of $180,000.00 a year," written in above the printed words, "Our last twelve months' sales were $———," the defendant must be held to have understood the words in accepting the contract as being only an estimate based on sales for a period directly preceding the contract, and not a statement of actual sales for the preceding year, and failure of his agent to communicate the basis of the estimate would not provide a defense.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 67, 82–92, 104–108; Dec. Dig. 22.]

4. CORPORATIONS 447—CONTRACTS—ULTRA VIRES ACTS.

The contract of a hardware company for an advertising scheme to extend its sales is in furtherance of its usual business and within its powers to make.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1786, 1788, 1807; Dec. Dig. 447.]

5. TRIAL 350—QUESTIONS FOR JURY—CONFLICTING EVIDENCE.

It is not error to refuse to submit special questions for the jury, where the evidence on those questions is undisputed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. 350.]

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Action by the O. C. Frey Hardware Company against the American Manufacturing Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

This is an action on a contract entered into between appellee, a corporation, and the American Manufacturing Company, a corporation, on June 13, 1912. The case was submitted to a jury on special issues, and upon their verdict the court entered a judgment in favor of the appellee. The contract, as pleaded by appellee, is as follows:

"American Manufacturing Company, Incorporated, Chicago, Ill.; Lexington, Tenn. Automobile Advertising Order. This order consists of the following: 1 Howard five passenger touring car, described on reverse side; one book, 'How to Successfully Conduct the Contest and How to Increase Your Business;' 3,000 circulars; 20 posters; 350 nominating letters; 350 follow-up letters; 1,000 $5.00 trading books; 1 set display cards, signs; 16 42-piece dinner sets; 1,000 contestant post cards; 1 voting register; 50 bulletins; 1 electric plate of automobile; 45,000 certificates in three colors for automobile votes in denominations of five cents, one dollar, twenty-five, ten cents, five dollars, twenty-

five cents, ten dollars, hundred dollars, fifty cents.

Price ............................$2,000 00
Less allowance for settlement with order ........................ 200 00
                                   _____
Net ............................$1,800 00

"P. O., Paris; state, Texas.

"American Manufacturing Company, Chicago, Ill.; Lexington, Tenn.—Gentlemen: Please reserve and ship to us at your earliest convenience, f. o. b. factory, your automobile, 16 dinner sets and advertising matter, described on this and reverse side, in payment for which we hereby hand you our eight notes for $1,800 payable to your order. We are doing at the rate of $180,000. Our next twelve months sales are to be $240,000.00, if this order is not approved the notes are to be canceled and returned to us. If ¾ per cent. of our gross sales for the next twelve months does not amount to eighteen hundred dollars ($1,800.00) you will pay us the deficiency in cash at the rate of .03 cents on each dollar you fall short and send us your bond for $1,800.00 to cover this agreement with us. To make this last above clause binding upon you, we agree to take the shipments promptly, carry out the contest plan, promptly meet all obligations entered into under this agreement, keep the automobile well displayed in our place of business, issue automobile votes for each cent purchased and every sixty days of this contest to report to you our gross sales, for one year and promptly furnish you all information you request to enable you to assist in pushing the contest. In consideration of the special methods, set forth in your copyrighted plan, and the terms and agreements herein, this order cannot be countermanded. The title to automobile to remain in vendor until fully paid. Any verbal or written agreement not embraced herein will not be recognized and is not binding on vendor. Date for closing contest. Dec. 24, 1912. (Date for closing contest must be given.) [Signed] O. C. Frey Hdw. Co., Purchaser, by McCollough. Town, Paris; county, Lamar; state, Texas. Freight station, Paris; express office, Paris. Salesman: E. L. H. Reed. [Seal.] Date, June 13, 1912."

Appellants by their answer admitted the pleaded contract to be true and correct. The contract in evidence, though, showed unerased printed words as follows: "Our last twelve months' sales were $————;" and above these printed words were written words as follows: "We are doing at the rate of $180,-000.00 a year." It is concluded that under the pleading and answer the admission that the written words of the statement or representation therein must, in point of fact, be taken as the true statement or representation. It appears that E. H. L. Reed was the traveling salesman on commission of the manufacturing company, and sent in to appellant the order so taken, and the same was, by the manufacturing company, approved and adopted about June 15, 1912. The agent did not have authority to close the contract, but it was required to be forwarded to the company for approval or rejection. The manufacturing company, with the exception of the damages sued for, complied with its part of the terms of agreement, and also executed the bond of indemnity. The judgment of the trial court comprehends the finding of fact that the appellee hardware company paid the notes and carried out and complied with all the terms and conditions of the agreement and the contract, made the reports, and gave information and did not, in any respect, violate the same or permit illegal notes; and there is evidence to warrant such findings of fact. The jury made the finding that the statement or representation, "We are doing at the rate of $180,000.00 a year," was true and not false, and there is evidence to sustain the finding. The evidence shows, and it is here found, as a fact that the sales of the hardware company, beginning June 13, 1912, and ending June 13, 1913, amounted to $141,-283.63.

Wright & Patrick, of Paris, for appellants. Park, Moore & Hardison, of Paris, for appellee.

LEVY, J. (after stating the facts as above). [1] The following, in the form of a special issue, was submitted by the court to the jury:

"Question 1. The contract in controversy contains the following statement: 'We are doing at the rate of $180,000.00 a year.' Was said statement true or false?"

And, further, the court instructed the jury:

"In connection with question No. 1 submitted to you, as to whether the statement in the contract in controversy that plaintiff was 'doing at the rate of $180,000.00 per year' was true or false, I further charge you that said statement does not mean that plaintiff had done a $180,-000 business for the preceding year; the question for you to determine is for what length of time less than a year the statement was intended to cover, and whether such statement, as intended and understood by the parties was true or false."

The appellants' complaint of the charge is based upon the contention that the court construed and submitted to the jury only a portion, and not the entire clause, of the particular statement or representation contained in the contract. It is thought error cannot be predicated upon the issue in the language and manner as submitted to the jury, for the court followed and was authorized by the pleadings of the parties so to do. The appellee pleads, in paragraph 2, that the parties entered into a contract on June 13, 1912, and attached a copy of the contract as Exhibit A to the petition, and asked that it be made a part of the petition. The exhibit contains the two separate representations or statements: "We are doing at the rate of $180,000.00" and "Our next twelve months' sales are to be $240,000.00." The first statement or representation is the one the court was submitting to the jury for finding as to its truth or falsity in fact. The answer of each appellant is:

"2. That the matters alleged by the plaintiff in the second paragraph of his petition, and numbered two therein, according to the information and belief of this defendant, are true, and the Exhibit A attached to said petition is a true and correct copy, except the words 'Our last twelve months' sales were $180,000.00,' but this defendant avers that said contract, so pleaded, was void and illegal, for the reason that same was ultra vires and beyond the power of plaintiff to execute under its charter and the

laws of the state of Texas, and plaintiff cannot recover thereon."

[2, 3] The legal effect of the answer therefore is to admit that the pleading of appellee states as a fact the true and correct representation or statement made and appearing in the contract, which was, "We are doing at the rate of $18,000.00 a year." The admission closed any controversy of fact as to the wording of the representation or statement made and intended in the contract. Article 1902 Vernon's Sayles' Stat. And, further pleading as a defense, as appellants did, that the appellee had knowingly misrepresented the amount of annual business done, the court was required to submit, as he did, to the jury for finding respecting the truth or falsity of the precise statement, pleaded and admitted as a fact to be correct, "We are doing at the rate of $180,000.00 a year." And the interpretation of the statement by the court is not erroneous. The words "at the rate of $180,-000.00 a year" are not a declaration of the amount of actual sales annually made as a complete year, but mean that the amount of sales has been founded on an estimate of what the business may amount to in the current year.

The third assignment complains of the following special instruction, given at the request of appellee:

"If you find from the evidence that the clause in the contract reading, 'We are doing at the rate of $180,000.00 a year,' was based upon the sales of the O. C. Frey Hardware Company for the 30 days previous to the date of said contract, and that this was understood and agreed to at the time by the plaintiff and E. H. L. Reed, salesman for the defendant, then you will say in answer to said question 1 that the said statement was true."

It was without dispute that the manager of the hardware company, making the contract and representation for the company, took and used the amount of the sales for the month next to the date of the contract as the basis of the estimation of what the business of the current year might be, and from these figures used the words in the representation, "We are doing at the rate of $180,000.00 a year." The sales for the month so taken as the basis for estimation were shown, without conflict, to be in an amount which, if continuing for the next 12 months to that amount, would more than reach the estimation of $180,000 at the end of the current year. The evidence is without dispute that the sales, and to the amount for the month so shown, were actual and true, and the figures thereof conclusively warranted the estimation of $180,000 for the year. No other method was used in making the estimation. Therefore there was no evidence making issuable the truth of the amount of business done at the time of the contract and upon which was based the estimation in the statement. The words in the statement, "We are doing" business, could reasonably be interpreted by appellant, in accepting the contract, as meaning and referring to the present amount of business done by the hardware company at the time of the contract. And in accepting the contract, the appellant would be held to have fairly understood from the language of the representation that the hardware company was estimating the sales of the current year by the method or standard of the amount of business being done at or immediately preceding the time of the contract. Consequently, the statement containing no specification of the manner nor of any special mode, besides the words "We are doing," in which the ascertainment of the amount of the business was made, the appellants were not mislead in respect to the estimation by the mode or basis of estimation used by the hardware company, and which was shown, without dispute, to be true. And the proof only showing, as it did, that the amount of business done at and immediately preceding the date of the contract was used as the basis of estimation, the estimation and method of estimation would be within the words of the representation or statement, and would not be a misrepresentation or false statement thereof. And an injury to appellant could not be predicated on the charge upon the contention, either that the sales agent did not in fact communicate to appellants, or have authority to adopt, the particular mode of ascertainment of the estimated sales for the current year. The language of the statement or representation sufficiently apprised and disclosed to appellants, at the time they received the contract for adoption or rejection, that it was only an estimation, at the time of the contract, of what the sales might amount to at the end of the year, based on the amount of business done at and immediately preceding the date of the contract.

[4] It is concluded that the verdict is supported by the evidence, and that the contract, being in furtherance only of the usual business of the hardware company, is not beyond the legal right of the appellee to make.

The fourth and seventh assignments of error are overruled.

[5] The fifth assignment of error complains of the refusal of the court to submit to the jury certain special questions. It is concluded that reversible error is not shown, and the assignment should be overruled, for the evidence does not tend to raise an issue that persons related to employés of the hardware company were permitted to become contestants, and the correspondence and letters of the manufacturing company, about which there was no contradiction in the evidence, showed indisputably that the hardware company did furnish the reports of gross sales and information called for by the manufacturing company.

We have carefully examined the other assignments, and think they should be overruled, as presenting no error.

Judgment affirmed.